ORDER

PER CURIAM.
The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Julieta O. Mandonahan’s appeal from the United States Court of Appeals for Veterans Claims’ May 9, 2006 judgment in Mandonahan v. Nicholson, 03-1793, 2006 WL 4468023 (Vet.App July 10, 2006), for lack of jurisdiction. Mandonahan has not responded.
Mandonahan appealed to the Court of Appeals for Veterans Claims from a 2003 Board of Veterans’ Appeals (BVA) decision denying her claim to entitlement for dependent and indemnity compensation (DIC), accrued benefits, burial benefits, and dependents’ educational assistance benefits. Mandonahan argued that she was entitled to DIC benefits because her late husband was receiving benefits at the time of his death. The Court of Appeals for Veterans Claims determined that the BVA did not err in concluding that Mandonahan’s late husband was 50% disabled and that Mandonahan would have been entitled to received DIC benefits only if her late husband had been totally disabled for more than ten years at the time of his death. The Court of Appeals for Veterans Claims determined that the BVA had not erred in denying Mandonahan’s claim for payment of accrued benefits because her late husband had no claims pending at the time of his death. Finally, the Court of Appeals for Veterans Claims affirmed the BVA’s determination that Mandonahan was not entitled to burial benefits or DEA benefits. Mandonahan appealed.
Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court “may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.” 38 U.S.C. § 7292(d)(2).
The Secretary argues that Madonahan’s informal brief does not raise an issue that falls within this court’s jurisdiction. In her informal brief, Mandonahan argues that she is entitled to DIC benefits because her husband was continuously receiving benefits at the time of his death, because he was a naturalized American citizen at the time of his death, because his death was not due to a willful act or misconduct of the veteran, and because he was totally disabled.
These arguments concern the Court of Appeals for Veterans Claim’s factual determinations and applications of the law to the facts. Thus, pursuant to 38 U.S.C. § 7292(d)(2), Mandonahan’s appeal is not within this court’s jurisdiction.
Accordingly,
IT IS ORDERED THAT:
(1) The Secretary’s motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
*932 (2) The Secretary’s motion to dismiss is granted.
(3) Each side shall bear its own costs.